UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kathleen Vickroy, *et al.*, | ) | CASE NO. 5: 15 CV 02391 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Deutsche Bank National Trust Company, | ) | |
| as Trustee Trust 2003-ME3 Mortgage | ) | |
| Pass-Through Certificate Series, | ) | |
| | ) | |
| Defendant. | ) | |

**Introduction and Background**

This is a removed *pro se* case. Plaintiffs Kathleen Vickroy and Sheba Dransfield (collectively, "Plaintiffs") filed their complaint against Defendant Deutsche Bank National Trust Company, as Trustee Trust 2003-ME3 Mortgage Pass-Through Certificate Series ("Defendant," or "Deutsche Bank") in the Summit County Court of Common Pleas. The complaint alleges Deutsche Bank is the "successor of interest" to a mortgage loan on property known as 310 Britain Road, Akron, Ohio, 44305. It alleges Deutsche Bank is a "predatory lendor" that sold the Plaintiffs' mortgage on the property to Chase Home Finance, LLC, which sold the mortgage to Ocwen Loan Servicing, which in turn "charged off the loan to a collection agency." (Complt., ¶5.) The Plaintiffs allege their mortgage "has now become unenforceable" because it has been sold off to the point that "there is no viable

entity left to pay." (*Id.*, ¶6.) They allege the mortgage "remains unsatisfied" and constitutes "a cloud" on their title to the property, and they seek a judgment declaring the mortgage null and void and quieting title to the property in their favor. (*Id.*, ¶7.)

Deutsche Bank removed the action to federal court on the basis of diversity of citizenship,[1] and on December 15, 2015, filed a motion to dismiss it under Federal Rule of Procedure 12(b)(6) for failure to state a claim on which relief may be granted. (Doc. No. 6.) The Plaintiffs have not responded to this motion. For the reasons stated below, the Defendant's motion to dismiss is granted and this action is dismissed.

## Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief can be granted. In deciding a motion to dismiss, the court presumes the complaint's factual allegations are true and draws all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). To survive dismissal, the complaint "must present 'enough facts to state claim to relief that is plausible on its face.'" *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Although pleadings filed by *pro se* litigants are generally liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* complaint must still meet the requirements of Rule 12(b)(6) and set forth "factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011).

---

[1] There is no dispute and it is evident from the pleadings that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest.

**Analysis**

Even liberally construed, the Plaintiffs' complaint seeking to have their mortgage declared null and void and to quiet title to the property fails to state a plausible claim on which relief may be granted. First, Ohio courts have consistently held that when a borrower voluntarily signs a mortgage, the mortgage cannot be removed or extinguished through a quiet title action, even if the mortgage holder's later attempts to assign the mortgage are defective. *See Kelly v. U.S. Bank Nat'l Ass'n*, Case No. 1: 15 CV 1019, 2015 WL 5749754, at *2 (N.D. Ohio Sept. 30, 2015) (dismissing quiet title claim brought by a plaintiff challenging the transfer of her mortgage); *Bank of New York Mellon Trust Co. v. Unger*, No. 97315, 2012-Ohio-1950, ¶¶ 36-37 (Ohio App. Eighth Dist. May 3, 2012) (holding that alleged invalidity of mortgage and assignments did not entitle plaintiff-mortgagors to quiet title to the property). A mortgage does not constitute a cloud on a mortgagor's title, *see Unger*, 2012-Ohio-1950, at ¶6, and a mortgagor cannot use a quiet title action claiming invalidity of a mortgage assignment to obtain a mortgage-free home. *See Kelly*, 2015 WL 5749754, at *2.

Second, the Ohio courts have held that mortgagors lack standing to challenge the validity of mortgage assignments. As the court reasoned in *Unger*, an assignment of a mortgage does not alter the mortgagor's obligations and responsibilities; thus, the mortgagor's default on a mortgage would expose her to a foreclosure proceeding regardless of the party who may pursue it. *See Unger*, 2012-Ohio-1950, at ¶35.

## Conclusion

Accordingly, for all of the reasons stated above, the Plaintiffs have not alleged a plausible claim for relief in this action.  The Defendant's motion to dismiss the action, accordingly, is granted.

IT IS SO ORDERED.


Date: <u>February 9, 2016</u>          <u>*/s/ John R. Adams*</u>
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE